IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WESLEY T. PURCHASE,

Plaintiff,

v.

SCHWAN'S HOME SERVICE, INC.,

Defendant.                                                     No.10-737-DRH

ORDER

HERNDON, Chief Judge:

On September 23, 2010, Plaintiff Wesley T. Purchase filed a *pro se* Complaint against Defendant Schwan's Home Service, Inc. alleging violations of Title VII of the Civil Rights Act of 1964, as amended, **42 U.S.C. § 2000(e) *et seq***. Specifically, Plaintiff alleges that he was subjected to a hostile work environment filled with threats and racially offensive language and he complained to his supervisor but his supervisor ignored the allegations and later dismissed. Plaintiff seems to allege that he was discharged in retaliation for his complaints. Now before the Court is Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). Because the Court finds that Plaintiff is indigent, the Court grants Plaintiff's motion (Doc. 2).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915.** The Prison Litigation Reform Act ("PLRA"),

significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions.  The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants."  **Hutchinson v. Spink, 126 F.3d 895, 899 (7th Cir. 1997)**.  Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief.  **28 U.S.C. § 1915(e)(2)**.

Plaintiff's motion survives **§ 1915(e)(2)** review.  Plaintiff submitted a declaration documenting his poverty.  The action appears to be neither frivolous nor malicious.  At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).  In an effort to move this matter forward and to ensure that all Defendants are served, the Court **DIRECTS** the Clerk's Office to send a blank USM-285 form to Plaintiff.  Plaintiff must fill out this form and return it to the Clerk's Office in order for the case to proceed.  Once the Clerk receives the USM-285 form, the Clerk will issue a summons for each of the named Defendants.  Once a summons is issued, the Court **DIRECTS** the United States Marshal to obtain service on same.

Costs of service shall be borne by the United States of America

**IT IS SO ORDERED.**

Signed this 29th day of September, 2010.

/s/     David R Herndon

**Chief Judge**
**United States District Court**